UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| VINCENT A. GREEN, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 4:06CV1758 CDP ) |
| HUSSMANN CORPORATION and INGERSOLL-RAND COMPANY, | ) ) ) |
| Defendants. | ) ) |

## **MEMORANDUM AND ORDER**

Plaintiff Vincent A. Green's amended complaint alleges claims of race discrimination and disability discrimination. Defendants Hussmann Corporation and Ingersoll-Rand Company now move to dismiss Green's disability discrimination claim, asserting that he has not sufficiently plead a claim under the Americans with Disabilities Act. After a careful examination of the parties' briefs and the case law on this issue, I will deny defendants' motion. Although Green's complaint does not allege specific facts explaining exactly how his major life activities were substantially limited, he has alleged sufficient facts to withstand dismissal under the liberal federal notice pleading requirement.

## **Background**

Green's amended complaint alleges that he "suffers from effects of

frostbitten feet." It further alleges that this injury "substantially limits his ability to perform the major life activities of standing and walking." Green states that he was terminated by Ingersoll on or about November 11, 2004. Green's complaint states a number of ways in which Ingersoll discriminated against him including reassigning him in violation of his seniority rights, writing him up for minor rule violations for which other employees were not disciplined, wrongly denying him pay, ignoring his medical orders for accommodation, and incorrectly citing him for absences. It is unclear which of these alleged discriminatory actions were a result of his alleged disability and which were a result of alleged racial discrimination.

## Discussion

A defendant may move to dismiss a claim "for failure to state a claim upon which relief can be granted" under Rule 12(b)(6), Fed. R. Civ. P. The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint. A complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of its claim entitling it to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Young v. City of St. Charles, Mo., 244 F.3d 623, 627 (8th Cir. 2001). When considering a motion pursuant to Rule 12(b)(6), the factual allegations of a complaint are assumed true and are construed in favor of the plaintiff. Neitzke v. Williams, 490 U.S. 319, 326 (1989).

Defendants state that Green has not stated a claim under 42 U.S.C. §

12102(2)(A), arguing that he does not allege sufficient facts to establish that he has an impairment that substantially limits one or more of his major life activities. In order to state a claim under the ADA, Green must plead sufficient facts to give rise to an inference that (1) he is disabled within the meaning of the ADA, (2) he was able to perform his job with or without reasonable accommodation, and (3) he suffered an adverse employment action. Simpson v. Des Moines Water Works, 425 F.3d 538, 542 (8th Cir. 2005).

I will deny defendants' motion to dismiss because Green's complaint contains sufficient information to raise a claim under the ADA. The Eighth Circuit has mandated that a court must "reject conclusory allegations of law and unwarranted inferences." Silver v. H & R Block, Inc., 105 F.3d 394, 397 (8th Cir. 1997). Green must plead some factual basis from which from which a fact finder could draw inferences supporting the legal conclusion that he was disabled within the meaning of the ADA. See Simpson v. Iowa Health System, 2001 WL 34008480, at *5 (N.D. Iowa Aug. 22, 2001); see also Adler v. I & M Rail Link, L.L.C., 13 F. Supp. 2d 912, 938 (N.D. Iowa 1998) abrogated in part on other grounds sub nom Cossette v. Minnesota Power & Light, 188 F.3d 964, 970 (8th Cir. 1999). In cases where dismissal on this basis has been granted, plaintiffs have merely made conclusory allegations about their disabilities. See Johnson v. Lehigh County, 2000 WL 974349, at *2 (E.D. Pa. 2000) (granting dismissal where the

plaintiff merely stated "that she has a disability and was refused reasonable accomodation without providing more specific information about the nature of the disability and the accommodation requested."); see also Joubert v. City of Jacksonville, 2007 WL 496618 at *3 (M.D. Fla. Feb. 12, 2007) (granting dismissal where the plaintiff merely alleged that he was a qualified individual with a disability without more specific factual allegations to support this conclusion).

Green's complaint seems more akin to many complaints that have survived motions to dismiss. See Hoshak v. Sysco Food Serv. of Pittsburgh, 2006 WL 2945357, at *4 (W.D. Pa. Oct. 13, 2006) (denying dismissal where the plaintiff alleged that he suffered from a back injury and that this impairment substantially limited him in the major life activities of performing daily manual tasks and sleeping); see also Simpson, 2001 WL at *5 (denying dismissal where the plaintiff alleged that she "suffered from Opioid dependence" and had "chronic pain described as intercostal neuralgia" and where she alleged that the defendants suspended her because "they believed she was addicted to painkillers"); Medlock v. City of St. Charles, 89 F. Supp. 2d 1079, 1081-82 (E.D. Mo. 2000) (denying dismissal where the plaintiff alleged that her diabetes mellitus substantially limited the major life activities of sitting and seeing without explaining how these activities were substantially limited). Green does not merely state that he is disabled within the meaning of the ADA, instead he specifically refers to his

frostbitten feet. He also states that this disability limits his ability to perform the major life activities of standing and walking. Whether or not Green is actually disabled within the meaning of the ADA cannot be determine at this time because the determination of disability under the ADA is a highly fact-intension issue. Maziarka v. Mills Fleet Farm, Inc., 245 F.3d 675, 679 (8th Cir. 2001).

Additionally, Green has stated a number of ways in which he was discriminated against and has stated that he was terminated by defendants. Further, his complaint sufficiently alleges failure to accommodate in that he asserts that his medical orders for accommodation were ignored. This is sufficient to give the defendants notice of Green's complaints.

Accordingly,

**IT IS HEREBY ORDERED** that the motion to dismiss [#18] of defendants Hussman Corporation and Ingersoll-Rand Company is denied.

                                                  _____
                                                  CATHERINE D. PERRY
                                                  UNITED STATES DISTRICT JUDGE

Dated this 28th day of June, 2007.